United States District Court

District of Massachusetts

|  |  |  |
|---|---|---|
| Luis Alberto Salvatierra Mendoza, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 25-13331-NMG |
| Patricia Hyde, et al., | ) | |
| Respondents. | ) | |

**ORDER**

GORTON, J.

In his petition for writ of habeas corpus (Docket No. 1), petitioner Luis Alberto Salvatierra Mendoza ("petitioner" or "Mendoza") argues that he is being unlawfully detained after an Immigration Judge refused to grant him a bond hearing on the basis of his detention pursuant to 8 U.S.C. §1225(b)(2), despite his contention that he is eligible for such a hearing under §1226(a). The government responds that this Court does not have jurisdiction to hear petitioner's objection to the Immigration Judge's order. For the following reasons, the petition will be **DENIED**.

## I.   Facts

Petitioner is a native of Peru who unlawfully entered the United States at an unknown time and place other than as designated by the Attorney General.  U.S. Immigration and Customs Enforcement ("ICE") was unaware of his presence in the country until February, 2023, when the Government of Peru issued an arrest warrant for petitioner for the crime of sexual rape of a minor.  Upon learning of that arrest warrant, ICE conducted records checks and determined that Mendoza had entered the country unlawfully.

In December, 2024, ICE encountered Mendoza during a targeted vehicle stop in Connecticut and detained him at Plymouth County Correctional Facility.  That same day ICE served petitioner with a notice to appear, charging him as inadmissible.  Two weeks later the notice was filed with the Immigration Court, initiating removal proceedings against petitioner.

In March, 2025, the Immigration Court held a bond hearing at which the Immigration Judge found Mendoza was a danger to the community and accordingly denied his request for bond under 8 U.S.C. §1226(a).  Petitioner appealed that order to the Board of Immigration Appeals ("BIA"), which affirmed the denial of bond.

In September, 2025, the Immigration Judge granted petitioner's Application for Cancellation of Removal for

Nonpermanent Residents, which ICE is currently appealing. The criminal charges against petitioner in Peru were also dismissed at an unspecified time between March, 2025, and October, 2025. On the basis of these changed circumstances, petitioner requested a new bond hearing pursuant to 8 C.F.R. §1003.19(e). That bond hearing was held before a different Immigration Judge on October 16, 2025, during which the government argued that petitioner remained a danger to the community and that petitioner was subject to mandatory detention under §1225(b)(2). The Immigration Judge concluded petitioner was subject to §1225(b)(2) and denied bond on that basis but noted that even if petitioner was not subject to mandatory detention, she would find him to be a danger to the community and deny bond under §1226.

## II. Legal Standard

Section 1225 applies to "applicants for admission" and mandates detention pending removal. Section 1226, on the other hand, establishes a discretionary detention framework for aliens arrested and detained pending removal proceedings. This Court has held that §1226 applies to aliens who are detained after having resided in the United States while §1225 applies to aliens who are detained during their attempt to enter into the country. See, e.g., Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).

Under §1226, after an alien is detained, the Attorney General may continue to detain him, release him on bond or release him on parole. §§1226(a)(1)-(2). The arresting immigration officer makes an initial custody determination but non-citizens have the right to request a custody redetermination (i.e., bond) hearing before an immigration judge. See 8 C.F.R. §§1236.1(c)(8), (d)(1). An immigration judge's discretionary judgment denying bond is not reviewable by district courts pursuant to 8 U.S.C. §1226(e) but the alien may appeal that decision to the BIA. 8 C.F.R. §236.1(d)(3). An alien may also request a subsequent bond redetermination upon showing that "the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. §1003.19(e).

### III. Discussion

The government opposes the petition on two separate grounds: (1) petitioner is subject to mandatory detention pursuant to §1225, and (2) petitioner is improperly seeking district court review of a discretionary decision under §1226. The first of those arguments is without merit; petitioner was apprehended while residing in the United States and thus is not subject to §1225's mandatory detention. See, e.g., Guerrero Orellana. Petitioner is detained pursuant to §1226 and accordingly the Immigration Judge erred in denying him a bond hearing.

- 4 -

With respect to the second objection, the Court is unpersuaded by the government's argument that petitioner is seeking review of the March, 2025 bond denial. The October bond hearing was an entirely separate hearing before a different immigration judge and was granted on the basis of changed circumstances, namely the approval of Mendoza's Cancellation of Removal for Nonpermanent Residents.

The question that remains is whether the Court should give effect to the Immigration Judge's oral finding that

> although not necessary to its decision, that even if the [Petitioner] were not subject to mandatory detention, the Court would find . . . that [Petitioner] is a danger to the community.

The government contends that the alternative finding of the immigration judge is an unreviewable discretionary decision to deny bond under §1226. Petitioner rejoins that the statement cannot be considered a decision of the Immigration Court because the judge had already determined that petitioner was subject to §1225 and therefore she lacked jurisdiction to issue any decision under §1226.

The Court concludes that the alternative finding of the Immigration Judge constitutes a decision of the Immigration Court because that court had jurisdiction to make such a finding notwithstanding its erroneous conclusion to the contrary. See Romano v. John Hancock Life Ins. Co. (USA), 120 F.4th 729, 738

n.2 (11th Cir. 2024) ("When a district court rules alternatively that it lacks subject-matter jurisdiction and that the plaintiffs' claims fail on the merits, we may affirm on the merits if we conclude that there was jurisdiction.").

As such, the Immigration Judge made a discretionary judgment regarding petitioner's dangerousness and ineligibility for bond under §1226. Pursuant to §1226(e), this Court may not review that decision but petitioner may appeal it to the BIA and, to the extent the BIA concludes that the alternative finding was extrajudicial, petitioner may pursue available remedies in federal court. In the meantime, petitioner's detention is warranted.

### ORDER

For the foregoing reasons, the petition is **DENIED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
Senior United States District Judge

Dated: January 9, 2026